**LAUREL EMPLOYMENT LAW**
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Amanda Collins (State Bar No. 340622)
amanda@laurelemploymentlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Attorneys for Plaintiff
Brian Agbayani

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BRIAN AGBAYANI, an Individual,

Plaintiff,

vs.

TOTAL RENAL CARE, INC., a California Corporation; DAVITA INC. dba DAVITA CATHEDRAL CITY DIALYSIS, a Delaware Corporation; and DOES 1-10, Inclusive,

Defendants.

CASE NO.: 5:25-cv-02161-JFW-KS

Assigned to: Hon. John F. Walter

**FIRST AMENDED COMPLAINT FOR:**

1. Whistleblower Retaliation in Violation of Labor Code § 1102.5
2. Wrongful Termination in Violation of Public Policy
3. Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194
4. Failure to Pay All Wages Due Upon Termination in Violation of Labor Code §§ 201-203
5. Failure to Prevent Discrimination and Retaliation in Violation of Labor Code § 98.7
6. Violation of California Labor Code § 233 (Kin Care Leave)
7. Retaliation in Violation of Labor Code § 98.6

**DEMAND FOR JURY TRIAL**
[UNLIMITED JURISDICTION]

Plaintiff Brian Agbayani ("Plaintiff") and hereby brings this First Amended Complaint against Defendants TOTAL RENAL CARE, INC., DAVITA, INC. dba DAVITA CATHEDRAL CITY DIALYSIS, and DOES 1 - 10 ("Defendants"), inclusive, and alleges as follows:

**THE PARTIES**

1. Plaintiff is, and at all relevant times herein has been, an individual residing in Riverside County, California.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant TOTAL RENAL CARE INC. ("Defendant Total Renal") is a California Corporation doing business in Riverside County, California.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant DAVITA INC. ("Defendant DaVita") is a Delaware Corporation dba DAVITA CATHEDRAL CITY DIALYSIS in Riverside County, California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

5. The true names and capacities, whether a corporation, agent, individual or otherwise, of DOES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

6. Plaintiff is informed and believes that at all relevant times herein mentioned Defendants, and/or DOES 1 through 10 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the Labor Code, the National Labor Relations Act, and other applicable state and federal laws.

8. At all times mentioned here, DOES 1 through 10 were the agents, representatives, employees, successors and/or assigns of Defendants and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, and/or assigns.

## JURISDICTION AND VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Plaintiff was employed by Defendants in Riverside County, California, which is within the Central District of California, and the unlawful practices alleged herein were committed in Riverside County, California.

10. This Court has subject matter jurisdiction because Plaintiff brings claims under the statutory and common law of the State of California. Plaintiff worked for Defendants and performed work exclusively in and throughout the State of California.

11. This Court has personal jurisdiction over Plaintiff, who brings his claims in this Court, and otherwise is a citizen of the State of California, County of Riverside.

12. This Court has personal jurisdiction over Defendants because they conducted substantial business activities in California, employed Plaintiff in California, and committed the acts giving rise to this lawsuit in California. Defendants are subject to the jurisdiction of this Court under California's long-arm statute and the exercise of jurisdiction comports with due process.

13. Plaintiff is informed and believes that Defendants, and each of them, committed other wrongful acts or omissions of which Plaintiff is presently unaware.

Plaintiff shall conduct discovery to identify said wrongful acts and will seek leave of Court to amend this Complaint to add said acts upon discovery.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff is a highly qualified Registered Nurse with degrees from CSU San Bernardino (Nursing) and UC Irvine (Biology).

14. Plaintiff was employed by Defendants as a Registered Nurse from February 13, 2023, until his wrongful termination on October 30, 2024.

15. Throughout his employment, Plaintiff maintained all necessary qualifications and consistently performed his job duties in a professional and competent manner.

16. At the time of hire, Plaintiff's base wage was $47.61 per hour, with an overtime rate of $71.415 per hour. Plaintiff regularly worked 40 hours per week plus 12 hours of overtime, earning approximately $2,762.38 in weekly wages.

15. During the Winter of 2023, Plaintiff began noticing wage disparity and unfair compensation practices throughout his department.

16. Plaintiff engaging in protected activities with his coworkers at Defendants' Cathedral City facility by raising these concerns to management.

17. On or about March 1, 2024, Plaintiff formally presented a union poster and announced his and his coworkers' intent to unionize.

18. In direct retaliation for Plaintiff's protected activities, on or about March 14, 2024, Defendants issued Plaintiff a pretextual corrective action for an alleged incident that occurred on February 10, 2024, demonstrating Defendants' pattern of retaliatory conduct against employees engaging in protected activities.

19. On or about July 19, 2024, Plaintiff exercised his right to use protected kin care leave when he left work early to care for his sick two-year-old daughter.

20. Subsequently, on or about July 25, 2024, Plaintiff called out of work for a similar protected reason.

21. In retaliation for exercising his protected rights, Defendants issued Plaintiff a final written warning on August 23, 2024, for these July incidents.

22. On or about October 11, 2024, Plaintiff was involved in a patient transfer incident that was fully approved by Dr. Stone. Despite having proper medical authorization and following established protocols, Defendants later used this incident as a pretext for Plaintiff's termination.

23. Plaintiff took previously scheduled and approved paid time off from October 20-26, 2024.

24. On or about October 30, 2024, Defendants abruptly terminated Plaintiff's employment, citing pretextual reasons including the October 11 patient transfer incident that had been properly authorized by Dr. Stone.

25. The timing and circumstances of Plaintiff's termination demonstrate that his protected activities were substantial motivating factors in Defendants' decision to terminate his employment.

26. At the time of his termination, Plaintiff had accrued 71.3784 hours of paid time off, having earned 116.6389 hours year-to-date and used 144 hours year-to-date. Defendants failed to properly compensate Plaintiff for his accrued paid time off upon termination.

27. Throughout his employment, Defendants engaged in various wage and hour violations, including but not limited to, unauthorized deductions from wages, failure to pay proper overtime wages, and failure to pay all wages due upon termination.

23. Defendants' conduct was willful, malicious, and oppressive, demonstrating a conscious disregard for Plaintiff's rights and the requirements of California law regarding protected union activities, wage and hour requirements, and protection against discrimination and retaliation.

24. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to loss of past and future earnings, loss of benefits, severe emotional distress, and other special and general damages according to proof at trial.

25. Defendants are vicariously liable for the acts of their agents, employees, and representatives who engaged in the unlawful conduct described herein. These agents, employees, and representatives were acting within the course and scope of their employment or agency relationship with Defendants when they committed the alleged acts.

**<u>FIRST CAUSE OF ACTION</u>**

**Whistleblower Retaliation in Violation of Labor Code § 1102.5**

**(Against All Defendants and DOES 1-10)**

26. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

27. At all times herein mentioned, Labor Code section 1102.5 was in full force and effect and was binding on Defendants. This statute prohibits employers from retaliating against employees for disclosing violations of state or federal laws.

28. Plaintiff engaged in protected activities by reporting and opposing Defendants' violations of state and federal labor laws, including violations of the National Labor Relations Act and California Labor Code.

29. As a result of Plaintiff's protected activities, Defendants subjected him to adverse employment actions, including but not limited to pretextual disciplinary actions and ultimate termination of his employment.

30. Plaintiff's protected activities were substantial motivating factors in Defendants' adverse employment actions against him.

31. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages, lost benefits, emotional distress, and other special and general damages according to proof at trial.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against All Defendants and DOES 1-10)**

32. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

33. At all times mentioned herein, there existed fundamental and substantial public policies of the State of California and the United States, as expressed in the National Labor Relations Act and California Labor Code, protecting employees' rights to engage in union activities and organize for collective bargaining.

34. Defendants terminated Plaintiff's employment on October 30, 2024, in violation of these fundamental public policies, using the pretextual reason of an October 11 patient transfer incident that had been properly authorized by Dr. Stone.

35. The timing of Plaintiff's termination, immediately following his participation in protected strike activities from October 13-19, 2024, demonstrates that his termination was substantially motivated by his protected union activities.

36. As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages, lost benefits, emotional distress, and other special and general damages according to proof at trial.

37. Defendants' conduct was willful, malicious, and oppressive, demonstrating a conscious disregard for Plaintiff's rights and warranting the imposition of punitive damages.

## THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194**

**(Against All Defendants and DOES 1-10)**

38. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

39. At all times herein mentioned, Labor Code sections 510 and 1194 were in full force and effect and were binding on Defendants. These statutes require employers to pay overtime wages for hours worked in excess of eight hours per day or forty hours per week.

40. Throughout Plaintiff's employment, Defendants willfully failed to pay all overtime wages due by failing to properly compensate Plaintiff for all overtime hours worked.

41. Plaintiff regularly worked about 52-hours weekly, but was not properly compensated for all overtime hours worked.

42. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial losses in wages and other employment benefits, all in an amount to be proven at trial.

43. Pursuant to Labor Code sections 218.5 and 218.6, Plaintiff is entitled to recover unpaid wages, interest, reasonable attorneys' fees, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due Upon Termination in Violation of Labor Code §§ 201-203**

**(Against All Defendants and DOES 1-10)**

50. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

51. At all times herein mentioned, Labor Code sections 201-203 were in full force and effect and were binding on Defendants. These statutes require employers to pay all wages due to an employee immediately upon discharge.

52. At the time of Plaintiff's termination, Defendants willfully failed to pay all wages due, including but not limited to accrued paid time off, overtime wages, and other compensation due.

53. Defendants’ failure to pay all wages due upon termination was willful, as evidenced by their systematic practice of failing to properly compensate employees.

54. As a result of Defendants' willful failure to pay all wages due upon termination, Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203, in an amount equal to his regular rate of pay for each day the wages remain unpaid, up to a maximum of thirty days.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation in Violation of Labor Code § 98.7

### (Against All Defendants and DOES 1-10)

66. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

67. At all times herein mentioned, Labor Code section 98.7 was in full force and effect and was binding on Defendants. This statute requires employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

68. Defendants failed to take all reasonable steps to prevent discrimination and retaliation against Plaintiff, including but not limited to, failing to maintain and enforce adequate anti-discrimination policies, failing to properly investigate Plaintiff's complaints, and failing to take appropriate corrective action.

69. As a direct and proximate result of Defendants' failure to prevent discrimination and retaliation, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages, lost benefits, emotional distress, and other special and general damages according to proof at trial.

70. Defendants' failure to prevent discrimination and retaliation was willful, malicious, and oppressive, demonstrating a conscious disregard for Plaintiff's rights.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 233 (Kin Care Leave)

### (Against All Defendants and DOES 1-10)

71. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

72. At all times herein mentioned, Labor Code section 233 was in full force and effect and was binding on Defendants. This statute requires employers to permit employees to use sick leave to care for family members.

73. On or about July 19, 2024, Plaintiff exercised his right to use protected kin care leave when he left work early to care for his sick two-year-old daughter. Subsequently, on July 25, 2024, Plaintiff called out of work for a similar protected reason.

74. In retaliation for exercising his protected rights under Labor Code section 233, Defendants issued Plaintiff a final written warning on August 23, 2024, for these July incidents.

75. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages, lost benefits, emotional distress, and other special and general damages according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**Retaliation in Violation of Labor Code § 98.6**

**(Against All Defendants and DOES 1-10)**

81. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

82. At all times herein mentioned, Labor Code section 98.6 was in full force and effect and was binding on Defendants. This statute prohibits employers from retaliating against employees for exercising their rights under the Labor Code.

83. Plaintiff engaged in protected activities by exercising his rights under various Labor Code provisions, including but not limited to, his right to engage in union activities and his right to take kin care leave.

84. As a result of Plaintiff's protected activities, Defendants subjected him to adverse employment actions, including but not limited to pretextual disciplinary actions and termination of his employment.

85. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages, lost benefits, emotional distress, and other special and general damages according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages according to proof at trial, together with prejudgment interest;

2. For special damages according to proof;

3. For compensatory damages according to proof, including past and future lost earnings, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish;

4. For statutory penalties pursuant to Labor Code sections 201-203, 226, 226.7, 512, 1102.5, and 98.6;

5. For unpaid overtime wages pursuant to Labor Code sections 510 and 1194;

6. For payment of all accrued paid time off, including 71.3784 hours of unused PTO at the time of termination;

7. For waiting time penalties pursuant to Labor Code sections 201-203;

8. For reasonable attorneys' fees and costs pursuant to Government Code section 12965(b), Labor Code sections 218.5, 226(e), 1194, and any other applicable statute;

9. For prejudgment interest pursuant to Civil Code section 3287 and Labor Code section 218.6;

10. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

11. For injunctive relief ordering Defendants to cease and desist from engaging in the unlawful practices described herein;

12. For costs of suit incurred herein; and

13. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, as a matter of right, trial by jury in the case on all causes of action.

DATED: September 12, 2025

**LAUREL EMPLOYMENT LAW**

[signature]

Joshua I. White, Esq.
Amanda Collins, Esq.
Attorneys for Plaintiff, Brian Agbayani

**PROOF OF SERVICE**

5:25-cv-02161-JFW-KS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 808 Wilshire Blvd., Suite 200, Santa Monica, CA 90401.

On September 12, 2024, I served the foregoing document(s) described as **FIRST AMENDED COMPLAINT** on all interested parties in this action as set forth below:

**MORGAN, LEWIS & BOCKIUS LLP**
Douglas R. Hart, Bar No. 115673
Jennifer B. Zargarof, Bar No. 204382
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
douglas.hart@morganlewis.com
jennifer.zargarof@morganlewis.com
Attorneys for Defendants TOTAL RENAL CARE, INC., and DAVITA INC. dba DAVITA CATHEDRAL CITY DIALYSIS

X **BY ELECTRONIC SERVICE**: Only by emailing the document(s) listed above to the parties in this action using the email addresses identified on the above Service List pursuant to Code of Civil Procedure §1010.6.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 12, 2025 at Los Angeles, California.

Sandra Garcia
Sandra Garcia